**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                          Chapter 11

AMPLE HILLS HOLDINGS, INC., *et al.*,        Case No. 20-41559-nhl

                Debtors.[1]                                  (Jointly Administered)
-----------------------------------------------------------x

**AGREED ORDER AND STIPULATION AUTHORIZING THE DEBTORS TO DISTRIBUTE ALL OF THE REMAINING FUNDS OF THE DEBTORS' ESTATES AND TO DISMISS THE DEBTORS' CHAPTER 11 CASES VOLUNTARILY**

Upon the motion (the "9019 Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking approval of this agreed order and stipulation (the "Stipulation and Order") by and between the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and Flushing Bank ("Flushing" and together with the Debtors and the Committee, the "Parties"), stipulating as follows:

**WHEREAS** on March 15, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "Court") for relief under title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS** the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

**WHEREAS** the Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered (for procedural purposes only) pursuant to Rule 1015(b) of the Federal Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Ample Hills Holdings, Inc. (2347); Ample Hills Astoria, LLC (3001); Ample Hills Aventura, LLC (7755); Ample Hills Chelsea, LLC (1803); Ample Hills Creamery, Inc. (9650); Ample Hills Essex Street Market, LLC (8522); Ample Hills Fireboat House, LLC (6699); Ample Hills Gowanus, LLC (2450); Ample Hills Highline, LLC (0197); Ample Hills Jersey City, LLC (7428); Ample Hills LBV, LLC (6652); Ample Hills Manufacturing, LLC (5506); Ample Hills PPW, LLC (2968); Ample Hills Red Hook, LLC (4518); Ample Hills Vanderbilt, LLC (7255); Ample Hills Wholesale Online, LLC (3008).

Bankruptcy Procedure (the "Bankruptcy Rules") and the *Order Directing Joint Administration of These Chapter 11 Cases* [Dkt. No. 23]; and

**WHEREAS** on March ~~13~~ ***17***, 2020, the Court ~~entered its~~ ***issued an (NHL)*** *Order Granting Application to Employ Stretto as Claims and Noticing Agent for the Debtors* [Dkt. No. 24]; and

**WHEREAS** on April 16, 2020, the Office of the United States Trustee for the Eastern District of New York (the "U.S. Trustee") appointed the Committee under section 1102 of the Bankruptcy Code [Dkt. No. 104]; and

**WHEREAS** on April 20, 2020 at 2:00 p.m., the U.S. Trustee conducted the Section 341 meeting of creditors, at which the Debtors' CEO and CRO appeared and answered questions regarding the Debtors' financial affairs (*See Notice of Electronic Filing Procedure Information Regarding Meeting of Creditors* [Dkt. No. 16]); and

**WHEREAS** on May 1, 2020, May 2, 2020, May 6, 2020, and May 7, 2020, the Debtors filed their schedules and statements of financial affairs (the "Schedules and SOFAs"); and

**WHEREAS** on May 8, 2020, the Court entered its *Order Approving Retention of Herrick, Feinstein LLP as Attorneys for the Debtors* [Dkt. No. 203]; and

**WHEREAS** on May 8, 2020, the Court entered its *Order Approving Employment and Retention of Stretto as Administrative Advisor for the Debtors* [Dkt. No. 206]; and

**WHEREAS** on May 13, 2020, the Court ~~entered its~~ ***issued an (NHL)*** *Order Authorizing the Debtors to Retain Daniel Scouler of Scouler Kirchhein, LLC to Serve as the Chief Restructuring Officer for the Debtors* [Dkt. No. 217]; and

**WHEREAS** on June 1, 2020, the Court ~~entered its~~ ***issued an (NHL)*** *Order Authorizing and Approving the Retention of Porzio, Bromberg & Newman, P.C. as Counsel to the Official Committee of Unsecured Creditors* [Dkt. No. 251]; and

**WHEREAS** on June 8, 2020, the U.S. Trustee conducted and concluded a continued Section 341 meeting of creditors, at which the Debtors' CEO and CRO appeared and answered questions regarding the Debtors' Schedules and SOFAs (*See Notice of Reset of Section 341 Meeting of Creditors* [Dkt. No. 253]); and

**WHEREAS** on June 25, 2020, the Court ~~entered its~~ ***issued the (NHL)*** *Final Order Authorizing Use of Cash Collateral* (the "Cash Collateral Order") [Dkt. No. 273], establishing the "Carve Out" as follows:

> 10. the Lender shall fund from any proceeds from the sale of the Collateral, and through the estates, a post-petition trust vehicle (the "GUC Trust") in the amount of $50,000 (the "GUC Trust Cash Contribution") for purposes of distribution, claims work, pursuing litigation, and/or as otherwise directed by the Committee, after consultation with the Debtors, for the benefit of general unsecured creditors, subject to the rights of any party in interest to object. If the GUC Trust Cash Contribution cannot be or is not, for any reason, contributed to the GUC Trust, the GUC Trust Cash Contribution shall be added to the Initial Carve-Out Cap (as defined below) or the Supplemental Carve-Out Cap (as defined below), as applicable, and will be subject to the terms of the Carve-Out set forth in paragraph 12; and

> 12. the Cash Collateral may be used for the following carve-out (the "Carve-Out"): (a) any fees of the Clerk of the Court and the U.S. Trustee and interest with respect to same required to be paid under 28 U.S.C. § 1930, and any approved fees of the Consumer Privacy Ombudsman appointed in these Chapter 11 Cases [Docket No. 200], to be paid out of the Initial Carve-Out Cap (as defined below); (b) any unpaid fees and expenses of professionals of the estates retained by an order of the Court

under section 156, 327, 328, 363, or 1103 of the Bankruptcy Code (the "Professionals"), to the extent such fees and expenses: (i) are allowed by the Court under sections 156, 330, 331, 363, or 1103 of the Bankruptcy Code, (ii) are not otherwise paid, after exhaustion of retainers or any professional expense escrow account, during these Chapter 11 Cases, and (iii) do not exceed $250,000 in the case of a sale of the Collateral of up to $2.4 million (the "Initial Carve-Out Cap"), with $67,500 reserved for the Committee's counsel, and $3,000 reserved in the event a chapter 7 trustee is appointed (and the remainder split pro rata among the rest of the Professionals), and the Initial Carve-Out Cap being increased upon a sale exceeding $2.4 million, with 10% of all proceeds in excess of $2.4 million reserved for the estates' Professionals (to be split pro rata among the Professionals) and 5% of all proceeds in excess of $2.4 million reserved for general unsecured creditors and to be placed in the GUC Trust (subject to the rights of administrative and priority creditors), until the Lender is paid in full (the "Supplemental Carve-Out Cap"); and

**WHEREAS** on July 8, 2020, the Court entered the *Order (i) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (ii) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Such Sale; and (iii) Granting Related Relief* [Dkt. No. 320] (the "Sale Order"); and

**WHEREAS** *on September 4, 2020, (NHL)* the Court entered the *Order Granting First and Final Application of Stretto for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Administrative Advisor to the Debtors for the Period from*

*March 15, 2020 Through July 31, 2020* [Dkt. No. 361] (the "Order Approving Stretto's First and Final Fee App"), authorizing $~~10,693.50~~ *$10,693.60 (NHL)* for professional fees; and

**WHEREAS** in addition to $~~10,693.50~~ *$10,693.60 (NHL)* for professional fees authorized under the Order Approving Stretto's First and Final Fee Application, Stretto incurred $64,931.33 as the Claims Agent under the Court's *Order Granting Application to Employ Stretto as Claims and Noticing Agent for the Debtors* [Dkt. No. 24] so that the Debtors owe Stretto $~~75,624.83~~ *$75,624.93 (NHL)* in total; and

**WHEREAS** *on September 4, 2020, (NHL)* the Court entered the *Order Granting First Interim Fee Application of Herrick, Feinstein LLP for Allowance of Fees and Reimbursement of Expenses Incurred as Bankruptcy Counsel for the Debtors for the Period from March 15, 2020 Through June 30, 2020* [Dkt. No. 362] (the "Order Approving Herrick's First Interim Fee App"), authorizing $589,709.20 in fees and $31,964.86 in expenses, totaling $621,674.06; and

**WHEREAS** *on September 4, 2020, (NHL)* the Court entered the *Order Granting First Application of Porzio, Bromberg & Newman, P.C. for Allowance and Payment of Compensation and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors During the Period of April 24, 2020 Through June 30, 2020* [Dkt. No. 363] (the "Order Approving Porzio's First Interim Fee App") *authorizing $94,275.50 in fees and $615.11 in expenses, totaling $94,890.61 (NHL)*; and

**WHEREAS** *on October 8, 2020, (NHL)* the Court ~~entered~~ *issued (NHL)* the *Order Granting First Interim Fee Application of Scouler Kirchhein, LLC for Allowance of Fees and Reimbursement of Expenses Incurred as the Chief Restructuring Officer of the Debtors for the Period from March 15, 2020 through June 30, 2020* [Dkt. No. 367], authorizing $365,291.50 in fees and $3,785.00 in expenses, totaling $369,076.50 (the "Order Approving Scouler's First

Interim Fee App" and, together with the Order Approving Stretto's First and Final Fee App, the Order Approving Herrick's First Interim Fee App, the Order Approving Porzio's First Interim Fee App, and the Order Approving Scouler's First Interim Fee App, the "Orders Approving Fee Applications"); and

**WHEREAS** the Debtors paid $67,500 to Porzio, Bromberg & Newman, P.C. and $12,285 to the Consumer Privacy Ombudsman appointed in these Chapter 11 Cases; and

**WHEREAS** the Debtors have paid all quarterly fees that have been billed by the U.S. Trustee through the end of 2020, prior to the anticipated dismissal of these Chapter 11 Cases; and

**WHEREAS** the Committee filed a final report regarding its investigation on October 16, 2020 [Dkt. No. 417] (the "Committee's Final Report"), stating that it will not be pursuing any causes of action on behalf of the Debtors' estates; and

**WHEREAS** Porzio, Bromberg & Newman, P.C. has filed a specific purpose fee application with the Court pursuant to paragraph 10 of the Cash Collateral Order in the amount of $42,584.50 (the "Porzio Specific Purpose Fee Application"); and

**WHEREAS** disputes have arisen as to the interpretation of paragraph 10 of the Cash Collateral Order; and

**WHEREAS** as of the date of this Stipulation and Order, the Debtors have $232,566.27 in their bank accounts; and

**WHEREAS** as of the date of this Stipulation and Order, the Debtors' estates are administratively insolvent; and

**WHEREAS** the Debtors acknowledge that they are unable to propose a chapter 11 plan that may be confirmed under the Bankruptcy Code and that voluntary dismissal of the Debtors' Chapter 11 Cases is desirable and appropriate under the circumstances; and

**WHEREAS** the Parties desire to enter into this Stipulation and Order, which shall become effective upon execution by or on behalf of each of the Parties, subject to approval by the Court; and

**WHEREAS** the Parties agree that the Professionals' fees and expenses, as allowed and approved by the Court pursuant to the Orders Approving Fee Applications, and those fees and expenses that to be approved pursuant to the Porzio Specific Purpose Fee Application, are the only fees and expenses that the Professionals will seek to be paid, on a final basis, in these Chapter 11 Cases; and

**WHEREAS** the Parties further agree to waive their rights to seek any further approval and payment of any fees and expenses that the Professionals have incurred and continue to incur in these Debtors' Chapter 11 Cases through the anticipated dismissal of the Debtors' Chapter 11 Cases, subject to approval by the Court; and

**WHEREAS** it appearing that: (i) this Court has jurisdiction over this matter under 28 U.S.C §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of New York*, dated December 5, 2012; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2); (iii) the venue of these Chapter 11 Cases and this matter in this district is proper under 28 U.S.C. §§ 1408 and 1409; and (iv) notice and service of the 9019 Motion was proper and sufficient; and

**NOW, THEREFORE, IT IS STIPULATED, AGREED, ORDERED AND ADJUDGED** that:

1. The Whereas clauses set forth above are hereby incorporated by reference herein.

2. The 9019 Motion is granted as set forth herein.

3. The Professionals' fees and expenses, which were allowed and approved by the Court pursuant to the Orders Approving Fee Applications, are hereby allowed on the final basis and shall be paid in these Chapter 11 Cases as set forth below.

4. Pursuant to section 330 of the Bankruptcy Code, the Debtors shall pay the Professionals' fees and expenses (the "Professional Fees") from the $157,954.34 Carve Out held by the Debtors in their bank accounts as follows:

- a. $92,084.00 to Herrick, Feinstein LLP on account of the Order Approving Herrick's First Interim Fee App. and all outstanding fees and expenses due to Herrick, Feinstein LLP in these Chapter 11 Cases.

- b. $54,668.59 to Scouler, Kirchhein, LLC on account of the Order Approving Scouler's First Interim Fee App. and all outstanding fees and expenses due to Scouler, Kirchhein, LLC in these Chapter 11 Cases.

- c. $11,201.75 to Stretto on account of the Order Approving Stretto's First Interim Fee App. and all outstanding fees and expenses due to Stretto in these Chapter 11 Cases.

5. Pursuant to section 330 of the Bankruptcy Code and conditioned upon approval of the Specific Purpose Fee Application, the Debtors shall further pay the Professional Fees from the $50,000 GUC Trust held by the Debtors in their bank accounts as follows:

- a. Porzio, Bromberg & Newman, P.C. shall be paid any and all amounts awarded in the Specific Purpose Fee Application up to $25,000 pursuant to an Order Approving the Specific Purpose Fee Application.

- b. All amounts awarded in the Specific Purpose Fee Application above $25,000.00 shall be added to the Initial Carve-Out Cap and distributed as set forth in Paragraph 12 of the Final Cash Collateral Order on account of unpaid Professional Fees, as follows:

    - i. $10,202.13 to Herrick, Feinstein LLP on account of the Order Approving Herrick's First Interim Fee App and all outstanding fees and expenses due to Herrick, Feinstein LLP in these Chapter 11 Cases.

    - ii. $6,056.81 to Scouler Kirchhein, LLC on account of the Order Approving Scouler's First Interim Fee App and all outstanding fees and expenses due to Scouler, Kirchhein, LLC in these Chapter 11 Cases.

        iii. $1,241.06 to Stretto on account of the Order Approving Stretto's First Interim Fee App and all outstanding fees and expenses due to Stretto in these Chapter 11 Cases.

6.    The outstanding amount under the GUC Trust ($7,500.00) shall be transferred to Flushing, on account of its secured claim.

7.    The Professionals shall waive their rights to seek any further payment of any additional fees and expenses that the Professionals have incurred and continue to incur in these Debtors' Chapter 11 Cases through the anticipated dismissal of the Debtors' Chapter 11 Cases as set forth below.

8.    As soon as reasonably practicable after the completion of the payments of the Professional Fees, the Debtors shall file a certification of counsel (the "Certification of Counsel"), confirming that the payments have been made and requesting that the Court enter the order dismissing the Debtors' Chapter 11 Cases, attached hereto as **Exhibit A** (the "Dismissal Order"). The Certification of Counsel shall be served via electronic mail on the U.S. Trustee, the Parties, and all entities that have requested notice under Bankruptcy Rule 2002.

9.    The Parties are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Stipulation and Order.

10.    This Stipulation and Order shall be immediately effective and enforceable upon its entry.

11.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order. Any motion or application brought before the Court to resolve a dispute arising from or related to this Stipulation and Order shall be brought on notice to

the Parties as provided by and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York.

Dated: November 19, 2020

AGREED AND CONSENTED HERETO:

| | |
|---|---|
| **HERRICK, FEINSTEIN LLP** | **PORZIO, BROMBERG & NEWMAN, P.C.** |
| */s/ George V. Utlik* | */s/ David E. Sklar* |
| Stephen B. Selbst | Robert M. Schechter |
| Steven B. Smith | Rachel A. Parisi |
| Shivani Poddar | David E. Sklar |
| George V. Utlik | rmschechter@pbnlaw.com |
| Silvia Stockman | raparisi@pbnlaw.com |
| Rachel H. Ginzburg (admitted *pro hac vice*) | desklar@pbnlaw.com |
| sselbst@herrick.com | |
| ssmith@herrick.com | *Counsel for the Committee of Ample Hills Holdings, Inc., et al.* |
| spoddar@herrick.com | |
| gutlik@herrick.com | |
| sstockman@herrick.com | |
| rginzburg@herrick.com | |
| | |
| *Attorneys for the Debtors and Debtors in Possession* | |
| | **CERTILMAN BALIN ADLER & HYMAN, LLP** |
| | /s/ Richard J. McCord |
| | Richard J. McCord, Esq. |
| | rmccord@certilmanbalin.com |
| | |
| | *Counsel for Flushing Banks* |

SO ORDERED:

Dated: December 21, 2020  
Brooklyn, New York

Nancy Hershey Lord  
United States Bankruptcy Judge